SECOND DEPARTMENT, AUGUST, 2001

(August 6, 2001)

■ ABAX SERVICES CORP., Respondent, v LOCAL 78 ASBESTOS, LEAD AND HAZARDOUS WASTE LABORERS, AFL-CIO, et al., Ap-

pellants, et al., Defendants. [728 NYS2d 694] —In an action, *inter alia*, to recover damages for tortious interference with contract and an alleged violation of the Donnelly Act, the defendants Local 78 Asbestos, Lead and Hazardous Waste Laborers, AFL-CIO and Sal Speziale, appeal from an order of the Supreme Court, Kings County (Schneier, J.), dated June 21, 2000, which denied their motion to dismiss the second and third causes of action asserted in the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was to dismiss the third cause of action for failure to state a cause of action, and substituting therefor a provision granting that branch of the motion to the extent of dismissing the third cause of action with leave to replead; as so modified, the order is affirmed, without costs or disbursements.

Contrary to their contention on appeal, the appellants did not demonstrate that the plaintiff's claims are based on a Federal question, or are preempted by Federal law. Accordingly, the Supreme Court properly denied the motion to dismiss based on the doctrine of Federal preemption (*see,* 28 USC § 1441 [b]; *DeBartolo Corp. v Florida Gulf Bldg. & Constr. Trades Council,* 485 US 568, 583; *Linn v Plant Guard Workers,* 383 US 53, 59).

However, the appellants are correct that the third cause of action, which is predicated upon an alleged violation of the Donnelly Act (*see,* General Business Law § 340 *et seq.*), failed to identify any of the alleged co-conspirators (*see, Creative Trading Co. v Larkin-Pluznick-Larkin,* 75 NY2d 830). Consequently, the third cause of action is dismissed with leave to replead in accordance with the foregoing. Santucci, J. P., Goldstein, Florio and Crane, JJ., concur.